# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOSHUA KEATON BERRYHILL,

      Petitioner,

v.                                    CASE NO:  8:11-cv-444-T-30MAP
                                         Crim. Case No: 8:07-cr-199-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #5), Petitioner's Memorandum in Support (Dkt. #6), Respondent's Response (Dkt. #10), and Petitioner's Reply (Dkt. #11).  Having reviewed the issues raised by Petitioner, (hereinafter referred to as "Berryhill" or "Petitioner") the Court concludes that the petition should be dismissed as untimely and procedurally barred.  Even had it been timely, it would have failed for lack of merit.

## BACKGROUND

Berryhill pled guilty on October 5, 2001, to possession of firearms and ammunition after having been previously convicted of felony offenses in violation of Title 18, U.S.C. § 922(g)(1).  On February 28, 2008, Berryhill was sentenced as an armed career criminal to 211 months imprisonment.  Berryhill did not file an appeal.

**Timeliness**

Berryhill's sentencing judgment became final when the time for filing an appeal expired on March 10, 2008. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). Petitioners have one year from the date their judgment becomes final within which to file a § 2255 petition. 28 U.S.C. § 2255(f)(1). Berryhill's one-year period expired March 10, 2009. Berryhill first filed a § 2255 petition with this Court on March 2, 2011, almost two years too late.

In his petition and reply, Berryhill asserts that his petition is timely because his one year limitation period began on a later date, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Berryhill relies on the Supreme Court decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010), which he claims recognized a new right retroactively applicable to cases on collateral review.

In *Johnson*, the Supreme Court held that Florida's statutory definition of "battery" did not constitute a violent felony under the Armed Career Criminal Act ("ACCA"). Florida's felony battery statute includes the mere intentional touching of another person. The Supreme Court held that slight intentional physical contact was not a "violent felony" under the ACCA.

Berryhill's *Johnson* argument fails for several reasons. First, *Johnson* was a case of statutory interpretation, not a creation of a new right. Second, *Johnson* was not made

retroactive.  And, third, *Johnson* had no impact on the offenses serving as the predicate for Berryhill's armed career criminal status enhancement: his three prior convictions for the sale of cocaine.  Therefore, Berryhill is incorrect about the start date of his one year limitation period.

Since Berryhill's one year limitation period expired on March 10, 2009, his petition filed on March 2, 2011, is untimely and subject to dismissal.

## Procedural Default

Berryhill's basic argument is that he was erroneously sentenced because he is legally, not factually, innocent of the predicate offenses used to enhance him as an armed career criminal.  To appropriately raise that issue, he was required to make that argument at the time of sentencing and then again on direct appeal.  He did neither.

The Eleventh Circuit recently addressed this issue in *McKay v. United States*, _____ F.3d _____, 2011 WL 4389641, at *20 (11th Cir. Sept. 22, 2011) and said:

> Just like the movant in *Pettiford*[1], McKay makes the purely <u>legal</u> argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines.  McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon.  In other words, he makes no claim of <u>factual</u> innocence of the predicate offense.  No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well.

Accordingly, this is claim is procedurally defaulted and due to be dismissed.

---

[1] *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010) (footnote not in original).

## Merits

A person is enhanced to a minimum 15-year sentence if he has three previous convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1).  A serious drug offense includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(2)(A)(ii).

Each of Berryhill's three Florida drug convictions were punishable by a maximum term of imprisonment of ten years or more.  Fla. Stat. 893.13(1)(a)1.; 893.03(2)(a)4.; 775.082(3)(c).  Berryhill was properly categorized as an armed career criminal for purposes of the enhancement of his sentence.  Therefore, Berryhill's petition would have failed on the merits even if it had been timely filed.

## CONCLUSION

Berryhill's petition is dismissed because it is both untimely and procedurally barred.  Also, Berryhill's petition fails on the merits.

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #5) is DISMISSED.

2.      The Clerk shall terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#31 in the underlying criminal case, case number 8:07-cr-199-T-30MSS.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2011\11-cv-444.deny 2255.wpd